IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE LUIS MONTES RAMIREZ,<br>　　　　Petitioner,<br>　　v.<br>PAMELA BONDI, *et al.*,<br>　　　　Respondents. | CIVIL ACTION NO.  26-0522 |

**MEMORANDUM OPINION**

Rufe, J.                                                                                                     February 6, 2026

　　Petitioner Jose Luis Montes Ramirez is a noncitizen from Mexico who was recently detained by the Department of Homeland Security ("DHS") under the Immigration and Nationality Act ("INA"). Before the Court is Montes Ramirez's 28 U.S.C. § 2241 petition, in which he argues that his prolonged detention without a bond hearing is unlawful and denies him due process.[1] The government states that Montes Ramirez is mandatorily detained under 8 U.S.C. § 1225(b)(2) and argues that § 1225(b)(2) applies because Montes Ramirez qualifies as an "applicant for admission."[2] The Court disagrees with that interpretation. Montes Ramirez's mandatory detention under 8 U.S.C. § 1225(b)(2) is unlawful, and Court will grant his Petition.

**I.     BACKGROUND**

　　Montes Ramirez is a Mexican citizen who has lived in the United States since 2008.[3] He had contact with immigration authorities on at least two occasions before this case. Namely, according to an exhibit to Montes Ramirez's Petition, he was served in 2013 with a Notice to Appear in Removal Proceedings, which charged him with entering the United States without

---

[1] Pet. [Doc. No. 1].

[2] Gov't Opp'n at 11-17 [Doc. No. 5].

[3] Pet. ¶ 1 [Doc. No. 1].

admission or parole.[4] Another exhibit indicates that, in June 2022, the removal proceedings instituted against him were dismissed pursuant to a joint motion.[5]

On or about January 23, 2026, Montes Ramirez underwent a motor vehicle stop.[6] As a result of the stop, he was taken into custody by Immigration and Customs Enforcement ("ICE") and detained at the Philadelphia ICE Field Office.[7] He was later transferred to the Philadelphia Federal Detention Center ("FDC").[8] He did not receive a bond hearing.[9] As alleged in the Petition, Montes Ramirez's prolonged detention is a byproduct of the Board of Immigration Appeals ("BIA") decision in *Matter of Yajure Hurtado*,[10] which Montes Ramirez says "has stripped the ability of Immigration Judges to hear Motions for Bond."[11] In *Hurtado*, the BIA adopted an interpretation of 8 U.S.C. § 1225(b)(2) under which individuals "residing in the United States for years without lawful status" are "subject to mandatory detention," and thereby ineligible for bond hearings.[12]

On January 27, 2026, Montes Ramirez filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[13] Consistent with its established practice for recent cases involving individuals detained by ICE under 8 U.S.C. § 1225(b)(2), this Court ordered the government to show cause why Montes Ramirez's Petition should not be granted.[14] It also

---

[4] Notice to Appear [Doc. No. 1 at p. 15]

[5] 6/28/22 Immigration Judge Order [Doc. No. 1 at p. 20].

[6] Pet. ¶¶ 2-3 [Doc. No. 1].

[7] Pet. ¶¶ 2, 3 [Doc. No. 1].

[8] Pet. ¶ 2 [Doc. No. 1].

[9] Pet. ¶ 4 [Doc. No. 1].

[10] 29 I & N. Dec. 216 (B.I.A. 2025).

[11] Pet. ¶ 8 [Doc. No. 1].

[12] *Hurtado*, 29 I & N at 220.

[13] Pet. [Doc. No. 1].

[14] 1/28/26 Order [Doc. No. 3].

scheduled a show cause hearing.[15] By stipulation of the parties, the Court cancelled the hearing and resolved to decide the case on the briefs, as the parties requested.[16]

## II. LEGAL STANDARD

Federal district courts are authorized to grant a § 2241 motion where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States."[17] It is the petitioner's burden to show that the detention violates the Constitution or federal law.[18]

## III. DISCUSSION

There are two issues for the Court to decide: (1) whether the Court has jurisdiction over the Petition; and (2) whether the mandatory detention of Montes Ramirez—a non-citizen residing in the United States without admission or parole—violates federal law. In recent months, these questions have been confronted repeatedly by district courts. Those courts have ruled resoundingly in favor of the ICE-detainee petitioners.[19] Nevertheless, "[t]his

---

[15] 1/28/26 Order [Doc. No. 3].

[16] 2/3/25 Stipulation and Order [Doc. No. 10].

[17] 28 U.S.C. § 2241(c)(3); *Demore v. Kim*, 538 U.S. 510, 523 (2003) ("[T]he Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." (citations and quotation marks omitted)).

[18] *See Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

[19] *See, e.g., Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (noting that, as of November 18, 2025, 282 of 288 district court decisions had found that the application of § 1225(b)(2) to noncitizens residing in the United States is unlawful); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Patel v. McShane*, No. 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025); *Flores Obando v. Bondi*, No. 25-6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025); *Yilmaz v. Warden of the Fed. Det. Ctr. Phila.*, No. 25-6572, 2025 WL 3459484 (E.D. Pa. Dec. 2, 2025); *Conde v. Jamison*, No. 25-6551, 2025 WL 3499256 (E.D. Pa. Dec. 5, 2025); *Bhatia v. O'Neill*, No. 25-6809, 2025 WL 3530075 (E.D. Pa. Dec. 9, 2025); *Anirudh v. McShane*, No. 25-6458, 2025 WL 3527528 (E.D. Pa. Dec. 9, 2025); *Picon v. O'Neill*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025). There have been a multitude of additional decisions ruling against the government since December 15, 2025. *E.g., Kanaut v. Rose*, No. 25-6869, 2026 WL 36690 (E.D. Pa. Jan. 6, 2026); *Francois v. Noem*, No. 25-7334, 2026 WL 27565 (E.D. Pa. Jan. 5, 2026); *Lara Cordon v. Jamison*, No. 25-6937, 2025 WL 3756948 (E.D. Pa. Dec. 29, 2025)*; Kumar v. McShane*, No. 25-6238, 2025 WL 3722005 (E.D. Pa. Dec. 23, 2025); *Kourouma v. Jamison*, No. 26-0182, 2026 WL 120208, at *3 (E.D. Pa. Jan. 15, 2026); *Montes Restrepo v. Jamison*, No. 25-6518, 2026 WL 141803, at *5 (E.D. Pa. Jan. 20, 2026).

Court considers each case on an *ad hoc* basis, and its rulings turn on the facts of each case at issue."[20]

First, the Court has jurisdiction. The government argues that the Court lacks jurisdiction to review Montes Ramirez's petition based on 8 U.S.C. § 1252(g), 8 U.S.C. § 1252(a)(2)(B)(ii), and 8 U.S.C. § 1252(b)(9).[21] These jurisdiction-stripping statutes do not apply because Montes Ramirez "challenges his detention rather than the initiation of removal proceedings, because [Montes Ramirez] cannot obtain relief for his detention following a final order regarding removal, and because [Montes Ramirez's] detention is not the byproduct of a discretionary determination."[22]

Second, the Petition succeeds on the merits. As a preliminary matter, although the only express cause of action in the Petition is for a due process violation,[23] the Court deems the Petition to also challenge the government's reliance on 8 U.S.C. § 1225 to pursue mandatory detention. Montes Ramirez identifies § 235 of the INA,[24] which corresponds to 8 U.S.C. § 1225, as the source of his illegal detention.[25] He also cites *Restrepo v. Jamison*,[26] one of myriad district court decisions releasing a noncitizen-detainee because the government's reading of § 1225(b)(2)

---

[20] *Diallo v. Bondi*, No. 25-7421, 2026 WL 36534, at *2 (E.D. Pa. Jan. 6, 2026).

[21] Gov't Opp'n at 6-10 [Doc. No. 5].

[22] *Yilmaz*, 2025 WL 3459484, at *2. The Third Circuit's recent decision in *Khalil v. President, United States of America*, 164 F.4th 259 (3d Cir. 2026), does not alter the Court's conclusion that 8 U.S.C. § 1252(b)(9) does not apply because "the question of whether [Montes Ramirez] is entitled to a bond hearing is not one on 'which the validity of the final order is contingent' " and therefore is not reviewable alongside a final order of removal. *See Giyosov v. Jamison*, No. 26-0298, 2026 WL 209839, at *3-4 (E.D. Pa. Jan. 27, 2026) (quoting *Massieu v. Reno*, 91 F.3d 416, 422 (3d Cir. 1996)).

[23] Pet. at 8 [Doc. No. 1].

[24] Pet. at 5 [Doc. No. 1].

[25] Pet. at 5 [Doc. No. 1].

[26] No. 25-6518, 2026 WL (E.D. Pa. Jan. 20, 2026).

4

was unlawful.[27] The Court's decision to consider the applicability of § 1225(b)(2) is further supported by the government's choice to brief that provision at considerable length.[28] The Court will therefore consider the applicability of 8 U.S.C. § 1225(b)(2) separately from Montes Ramirez's due process argument.

A narrow reading of § 1225(b)(2) is appropriate. The unambiguous plain meaning of an "applicant for admission" who is "seeking admission" is a noncitizen at a port of entry seeking to cross into the United States, not one who has already resided in the United States.[29] Instead, "the detention of noncitizens like [Montes Ramirez] who have long been present in the United States is governed by § 1226(a), which entitles them to a bond hearing before continued detention is permitted."[30] Section 1226(a)'s predominance is further demonstrated by the titles of § 1225 and § 1226, as well as by agency practice, the rule against superfluity, recent amendments to § 1226, and the canon of constitutional avoidance.[31] Section 1225(b)(2) does not apply to Montes Ramirez.

Montes Ramirez may be detained under the INA only if, under § 1226(a) and the applicable regulations, he receives a bond hearing, and the facts show that he poses a risk of flight or harm to the community.[32] The government does not argue that Montes Ramirez is likely to flee or is otherwise dangerous. Nor does the record indicate any such risk. To the contrary,

---

[27] *See supra* n.19.

[28] Gov't Opp'n at 11-17 [Doc. No. 5].

[29] *Yilmaz,* 2025 WL 3459484, at *3; *Centeno Ibarra*, 2025 WL 3294726, at *5.

[30] *Yilmaz,* 2025 WL 3459484, at *3; *see also Centeno Ibarra*, 2025 WL 3294726, at *4-7; 8 C.F.R. § 1236.1(c)(8), (d)(1) (stating that bond is available to noncitizens detained under § 1226(a) and that "the immigration judge is authorized to exercise the authority . . . to detain the [noncitizen] in custody, release the [noncitizen], and determine the amount of bond").

[31] *See Yilmaz,* 2025 WL 3459484, at *3; *Centeno Ibarra*, 2025 WL 3294726, at *5-7.

[32] *See Yilmaz* at *3; *Centeno Ibarra* at *4, *8 n.69; 8 C.F.R. § 1236.1(c)(8), (d)(1).

Montes Ramirez has had stable employment for eight years and has supplied the Court with powerful declarations from third parties.[33] Therein, his employer, landlord, and others attested to his character, diligence, and devotion to his wife and children, with whom he was living in Dublin, Pennsylvania before his detention.[34] For those reasons, a bond hearing is unnecessary, and the Court will order Montes Ramirez's immediate release.[35]

Because Montes Ramirez's detention without a bond hearing violates the INA, the Court need not reach his due process argument.

## IV.    CONCLUSION

For the reasons expressed, the DHS lacked legal authority to mandatorily detain Montes Ramirez without a bond hearing. The Court will grant his Petition. An order will follow.

---

[33] *See* Pet. ¶ 7 [Doc. No. 1]. Declarations in Supp. of Release [Doc. No. 1 at pp. 23-25]; Add'l Declarations [Doc Nos. 6, 6-1].

[34] *See* Declarations in Supp. of Release [Doc. No. 1 at pp. 23-25]; Add'l Declarations [Doc Nos. 6, 6-1]; Certificates of Birth [Doc. No. 6-4].

[35] *See Karshranov*, 2025 WL 3188399, at *8 ("[A] habeas court has 'the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.'" (quoting *Boumediene v. Bush*, 553 U.S. 723, 779 (2008)).